IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM FRAKES, | ) |
|        Plaintiff, | ) |
| vs. | ) Case No. 18-cv-1472-SMY |
| ROBERT DUKE BAS, | ) |
|        Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court for consideration of Defendant Robert Duke Bas's Motion to Dismiss (Doc. 41). For the following reasons, Defendant's Motion is **GRANTED.**

Plaintiff William Frakes, an inmate at Danville Correctional Center, filed this action against his Bas, his former attorney, pursuant to 42 U.S.C. § 1983 alleging due process and First Amendment violations. In the Complaint, Frakes alleges that Bas represented him in a previous case and violated his constitutional rights during the representation by (1) failing to call witnesses; (2) failing to allow Frakes to testify; and (3) presenting false promises to Frakes regarding the outcome of the trial. Bas moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair

notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Section 1983 affords citizens a right to bring a private cause of action for relief from a deprivation of constitutional rights. *See* 42 U.S.C. § 1983. Section 1983 requires, however, that the underlying constitutional deprivation involve someone acting under color of law. *Fries v. Helper,* 146 F.3d 452, 457 (7th Cir. 1998). Although the requisite state actor is typically a government officer, "§ 1983 may also be brought to bear on private individuals who exercise government power." *Payton v. Rush–Presbyterian–St. Luke's Med. Ctr.,* 184 F.3d 623, 628 (7th Cir. 1999). A private party will be deemed to have acted under "color of state law" when the state either (1) "effectively directs or controls the actions of the private party such that the state can be held responsible for the private party's decision"; or (2) "delegates a public function to a private entity." *Id.*

Here, Frakes' Complaint fails to state a claim under § 1983. Defense attorneys, whether privately retained counsel or public defenders, are not "state actors" and therefore cannot be sued for damages under § 1983. *Polk County v. Dodson,* 454 U.S. 312, 325 (1981). An exception applies if the defense attorney is alleged by the plaintiff to have conspired with state actors. *Logan v. Laterzo,* 24 Fed.Appx. 579, 582 (2001), *citing Tower v. Glover,* 467 U.S. 914, 923–24(1984). Frakes does not allege such a conspiracy – his claims against Bas are based entirely on a private attorney-client relationship and are therefore not actionable under § 1983.

Case 3:18-cv-01472-SMY   Document 47   Filed 03/16/21   Page 3 of 3   Page ID #141

Accordingly, Defendant's Motion to Dismiss (Doc. 41) is **GRANTED** and Plaintiff's claims are **DISMISSED without prejudice**.  All pending motions are **TERMINATED as MOOT** and the Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

DATED:  March 16, 2021

STACI M. YANDLE
United States District Judge